REQUESTED BY: Honorable Karen Kilgarin State Senator State Capitol Lincoln, NE 68509
Dear Senator Kilgarin:
This is in response to your letter of January 20, 1983, wherein you state that you have submitted legislation in the form of LB 15 to amend Neb.Rev.Stat. § 70-619 (Cum.Supp. 1982). In your letter you ask whether certain provisions presently contained in § 70-619, and which LB 15 would amend, are constitutional. To be specific, the portion of 70-619
which concerned you is that part which states: `. . . No person who acquires any interest in any pension plan, retirement plan, or similar plan or contract of any district shall be eligible to hold office as a member of the board of directors. . . .' Your stated concern is that a certain segment of the population may be deprived of their `full electoral rights' as a result of the quoted provision.
Article I, Section 22, of the Nebraska Constitution provides that `all elections shall be free; and there shall be no hinderance or impediment to the right of a qualified voter to exercise the elective franchise.'
Other than the general language contained in Article I, Section 22, there is apparently no Nebraska Constitutional provision expressly limiting or expanding the `elective franchise' of Nebraska voters, and defining qualifications for public office.
As the court stated in State ex rel. Quinn v. Marsh,141 Neb. 436, 3 N.W.2d 892 (1942), citing Mechem Public Officers, page 22, section 66, "Where . . . the Constitution does not prescribe the qualifications (for public office), it is the province and right of the legislature to declare upon what terms and subject to what conditions the right shall be conferred." Ibid., page 442. Consequently, there can be little doubt that the Nebraska Legislature could impose statutory conditions which a person would have to meet in order to become an elected director of a public power and irrigation district.
The question therefore becomes whether the legislative restrictions which might be imposed upon such directors are unreasonable; and the question of reasonableness is generally regarded as a proper subject of judicial review, which may include inquiry into such matters as the duties of the body to which the candidate seeks election. Id. p. 446-447.
An examination of the powers and duties of public power district directors indicates that, among other duties, a director is required to `. . . impartially . . . perform the duties of his office.' Neb.Rev.Stat. § 70-616 (Reissue 1981). The requirement of impartiality would apply to all funds expended by the directors, as well as to contracts which might be entered into by the directors on behalf of the district. Neb.Rev.Stat. § 70-619, 70-642.02, 70-643
(Reissue 1981). In fact, it would appear that the language you seek to amend in § 70-619 is directed toward the preservation of impartiality as required by § 70-616, by providing that `no person who acquires any interest in any pension plan, retirement plan, or similar plan or contract of any district shall be eligible to hold office as a member of the board of directors.'
Insofar as § 70-619 would prohibit a director from having an interest in an item about which the director must decide, and given the requirement of § 70-616 that a director act impartially in making board decisions, it is likely that the restrictions imposed by § 70-619 would be regarded by a court as a reasonable exercise of the legislative power, and therefore constitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General